José D. CASTILLO, Plaintiff and Appellant, v. CARIBBEAN CASUALTY Co., Defendant and Appellee.

No. 4139. Argued May 5, 1927.—Decided July 30, 1927.

*Pascasio Fajardo Martínez* for the appellant. *Jaime Sifre Jr., Horacio Franceschi* and *Diego O. Marrero* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

José D. Castillo sued Edgar Martínez and recovered judgment against him for fifteen hundred dollars as indemnity for the injury caused him on March 14, 1924, by an automobile driven by Martínez.

The automobile was owned by Juan del Carmen Sosa who had it insured against accidents with the Caribbean Casualty Company. Neither the owner of the automobile nor the insurance company was made a defendant in the action against Martínez. It is now, after the judgment had been rendered, which by the way was obtained against the defendant by his default, that the Caribbean Casualty Co. has been

sued to recover from it the amount of the judgment. Nor has the owner of the automobile been made a party defendant in this second action.

The Caribbean Casualty Co. pleaded that the complaint did not state facts sufficient to constitute a cause of action and after hearing the interested parties the court sustained the demurrer and rendered judgment dismissing the complaint with costs against the plaintiff.

The plaintiff appealed and filed a lengthy brief which contains no real assignment of error but cites a great number of cases referring to juridical situations distinct from that arising from the facts alleged in the complaint. The defendant filed also a lengthy brief full of citations in support of its contention.

The case is very simple. The parties complicate it. A judgment against the defendant could not be recovered, for there is no contractual relation whatever between the defendant and the plaintiff. It is true that the insurance was to cover accidents that might be caused by the insured automobile, but it was insured by the owner with the company so as to relieve him of any liability. Here no action was brought originally against the owner nor was any judgment rendered against him for which the insurance company should be liable. It does not matter that Martínez was the chauffeur of Sosa, for he was sued personally and the judgment was rendered solely against him. Sosa had no opportunity to defend himself nor had the company an opportunity to defend him in defending itself. Castillo chose Martínez as the only liable party and Martínez was not protected by the policy of the Caribbean Casualty Co. The policy protected Sosa against any liability incurred by him through any accident caused by his automobile. And here, we repeat, no liability whatever on the part of Sosa has been shown. It is incomprehensible that the complaint should have been brought against Martínez only if Martínez was the chauffeur of Sosa and was acting

within the scope of his employment. The only explanation for the manner of bringing the first action, having in mind the second one, is that the owner of the automobile was not in it when the accident happened and the purpose was thus to elude the application of the law and the repeated jurisprudence of the Supreme Court on that point, freeing from liability the owner and therefore the insurance company. It was sought to reach the company over the head of the owner on the strength of a judgment against his chauffeur, but such practice finds no support either in the law or in the jurisprudence. Contracts, according to section 1224 of the Civil Code, shall only be valid between the parties who execute them and their heirs.

It is only when the contract contains a stipulation in favor of a third person that he may demand its performance, and even then, according to the same statute, provided he has given notice of his acceptance to the person bound before it may have been revoked. In the present case there was no express stipulation whatever in favor of the plaintiff, nor an implied one unless Sosa had been sued. Martínez without Sosa, or the chauffeur independently of the owner, is not legally related to the company. Nor the automobile without the owner.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.